**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 16 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



MYKOLA POPOVICH,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 11-70068

Agency No. A089-551-471

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 9, 2014**
San Francisco, California

Before: IKUTA, N.R. SMITH, and MURGUIA, Circuit Judges.

Mykola Popovich petitions for review of the Board of Immigration

Appeals's (BIA) order dismissing his appeal of an Immigration Judge's (IJ) denial

of his application for asylum, withholding of removal, and relief under the United

Nations Convention Against Torture (CAT).  Because Popovich filed his asylum

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\** The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application after May 11, 2005, the Real ID Act applies. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1).

The IJ's adverse credibility finding was supported by substantial evidence, including inconsistencies between Popovich's testimony and his asylum application. *See Shrestha*, 590 F.3d at 1039–40 (listing REAL ID Act credibility factors, including "the consistency between the applicant's or witness's written and oral statements"). For example, Popovich stated in his asylum application that he saw young men running away from his violently damaged car, while at the hearing he testified that he knew the perpetrators were with his persecutor because they "were not even in a hurry to run away and they were threatening me that the same thing that happened to the car would happen to me." The BIA and IJ's adverse credibility determination was also supported by the implausibility of Popovich's testimony. *See Jibril v. Gonzales*, 423 F.3d 1129, 1135 (9th Cir. 2005). Among other things, Popovich testified that he made no effort to obtain critical photographs he sent to himself via certified mail in Ukraine, which would have provided compelling evidence supporting his asylum claim.

The BIA did not err in determining that, absent Popovich's testimony, the record does not sustain Popovich's burden to show he is eligible for asylum due to

2

persecution or a well-founded fear of persecution. *See Deloso v. Ashcroft*, 393 F.3d 858, 863–64 (9th Cir. 2005). For the same reason, the BIA's denial of Popovich's claim for withholding of removal was supported by substantial evidence. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006). Nor did the BIA err in concluding, based on the record without Popovich's testimony, that Popovich failed to sustain his burden to show eligibility for relief under CAT. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156–57 (9th Cir. 2003).

**PETITION DENIED.**